UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO HERNANDEZ,<br><br>        Petitioner,<br><br>    v.<br><br>MARION SPEARMAN, Warden,<br><br>        Respondent. | Case No. CV 07-6754 PA(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody and supporting documents ("Petition"), and all of the records herein, including the January 22, 2018 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R"), and petitioner's April 12, 2018 objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

Although the Court has read, considered and overruled all of petitioner's objections, the Court further addresses certain of petitioner's objections below.

**I.  Petitioner's Objection to the Standard of Review Applied to His Ineffective Assistance of Counsel Claims**

Petitioner objects to the Magistrate Judge's independent review of petitioner's ineffective assistance of counsel claims under AEDPA, 28 U.S.C. section 2254 (R&R at 8-10 & n.6, 24), following the California Supreme Court's summary denial of these claims without comment (Lodged Doc. 21).  See Objections at 15-21.  The Los Angeles County Superior Court rejected petitioner's ineffective assistance of counsel claims for, *inter alia*, "fail[ing] to show a prima facie case for relief." (Lodged Docs. 12-13).  The California Court of Appeal and California Supreme Court thereafter summarily denied these claims without comment. (Lodged Docs. 18-21).

Review under AEDPA was proper.  See Cullen v. Pinholster, 563 U.S. 170, 187-88 (2011) (applying 28 U.S.C. § 2254(d) to ineffective assistance of counsel claim adjudicated on the merits in state court proceedings).  In California, a summary denial reflects a determination that a petitioner has failed to state a prima facie case.  In reaching that determination, the state courts generally assume the allegations in the petition to be true, do not accept wholly conclusory allegations, and review the record of the trial to assess the merits of the petitioner's claims.  Id. at 188 n.12 (citing, *inter alia*, In re Clark, 5 Cal. 4th 750, 770 (1993) ("When a habeas corpus petition is denied on the merits, the court has determined that the claims made in that petition do not state a prima facie case entitling the petitioner to relief. . . . [T]he court must [] review the record of the trial in order to assess the merits of the petitioner's claims and assess the prejudicial impact of the constitutional deprivation of which he complains.")); Nunes v. Mueller, 350 F.3d 1045, 1054-55 (9th Cir. 2003) (where state court issues a summary denial, the
///

absence of a prima facie case is the determination that must be reviewed for reasonableness under § 2254(d)), cert. denied, 543 U.S. 1038 (2004).

Petitioner also argues that the state courts' rejection of his ineffective assistance of counsel claims for failure to make a prima facie showing was unreasonable under 28 U.S.C. section 2254(d). See Objections at 16-21 (asserting that petitioner's sworn allegations that counsel failed to interview and present defense witnesses raised a prima facie ineffective assistance claim). In order to establish a prima facie Strickland[1/] violation, petitioner must demonstrate he was prejudiced by counsel's unprofessional error(s) (*i.e.*, show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different). Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." Pinholster, 563 U.S. at 189 (citing Harrington v. Richter, 562 U.S. 86, 112 (2011)). For the reasons explained in the Report and Recommendation, there is no substantial likelihood that the verdict would have changed based on petitioner's allegations. See R&R at 16-17. Because the facts do not support a prima facie case of a Strickland violation, the state courts' summary denial of relief on petitioner's ineffective assistance of counsel claims was not unreasonable. See 28 U.S.C. § 2254(d). Accordingly, petitioner's instant objections to the Report and Recommendation are overruled.

Moreover, even if this Court did not apply AEDPA deference to the decision of the California Supreme Court and instead considered petitioner's ineffective assistance of counsel claims *de novo*, it would nonetheless conclude that petitioner was not entitled to federal habeas relief for the substantive reasons explained in the Report and Recommendation.

---

[1/] Strickland v. Washington, 466 U.S. 668, 687-93, 697 (1984).

3

1  **II.    Petitioner's Objections to the Magistrate Judge's Findings That**
2         **Petitioner Was Not Prejudiced by Counsel's Alleged Ineffectiveness**

Petitioner objects to the Magistrate Judge's findings that petitioner did not suffer Strickland prejudice as a result of counsel's alleged ineffectiveness. With respect to petitioner's claim that counsel was ineffective for failing to object to the introduction of Juan Lopez's allegedly suggestive field identification of petitioner, Petitioner contends that: (1) the Magistrate Judge incorrectly found, based on Honoria Rivera's trial testimony, that petitioner and co-defendant Juan Alberto Garzon were friends (R&R at 8), and used that finding to support the conclusion that petitioner was not prejudiced by his counsel's failure to object to the admission of the assertedly suggestive field identification of petitioner as one of the assailants (R&R at 22-24) (see Objections at 2-3); and (2) identification evidence is rarely harmless, and the field identification evidence in petitioner's case was particularly weighty because petitioner was not identified at trial as one of the perpetrators, and petitioner's defense was that he was only hired to drive the truck after the hijacking. See Objections at 9-13; see also Declaration of Eduardo Hernandez ("Hernandez Decl.") filed on September 23, 2016, at ¶ 3 (petitioner declaring that he had no clue that the tractor trailer had been hijacked or contained stolen merchandise; he was hired only to drive the truck into the yard and unload its contents). For the same reasons, petitioner challenges the Magistrate Judge's finding that petitioner suffered no prejudice from appellate counsel's failure to raise a claim that trial counsel was ineffective for failing to move to suppress the field identification evidence (R&R at 24). See Objections at 13-14.

There is arguable ambiguity in Ms. Rivera's testimony. Counsel asked Ms. Rivera if she knew each of the co-defendants. (Reporter's Transcript ("RT") 978-80). Ms. Rivera testified that co-defendant Alejandro Rivera was her brother and that she knew petitioner. (RT 978). Ms. Rivera testified that petitioner was

///

| 1  | with her brother at their house until around 9:30 p.m. on the night of the hijacking. |
| 2  | (RT 978-79). |

Counsel then asked:

Q. You see the gentleman in the striped shirt seated next to the woman in red? Do you know him?

A. Yes.

Q. Who is he?

A. Jorge Recinos.

Q. And is he a friend of Mr. Rivera and Mr. Hernandez?

A. Yes.

Q. See the gentleman here in the black shirt that I'm pointing to, that I'm standing next to?

A. Yes.

Q. Do you know him?

A. Yes.

Q. Is he also a friend of Mr. Recinos, Mr. Garzon, and Mr. Hernandez?

A. Yes.

(RT 980). Counsel did not ask Ms. Rivera to state the last man's name for the record (RT 980). The only co-defendant she had not yet been asked to identify was co-defendant Garzon. When counsel followed up asking if the last man was friends with Mr. Recinos, Mr. Garzon, and Mr. Hernandez, counsel may have mistakenly referred to Mr. Garzon instead of Mr. Rivera.[2]

However, even if petitioner never had any contact with Garzon before the night of the hijacking as petitioner now claims (see Objections at 3), this fact does not detract from the otherwise strong circumstantial evidence tying petitioner to the

---

[2] Perhaps recognizing the ambiguity in the record, the California Court of Appeal did not summarize this part of Ms. Rivera's testimony. The Court of Appeal stated only that Ms. Rivera testified that Recinos, Rivera, and Hernandez were friends. See Lodged Doc. 6 at 4.

crimes. Lopez testified that four different men were involved in the hijacking. Lopez testified that his truck was hijacked at gunpoint by two men who had been driving a van (later identified as co-defendant Recinos's van). (RT 626-39, 665, 675-76, 760-61, 767, 769, 937-42). The two men drove Lopez in his truck for about 30 minutes to another location. (RT 638-40, 665, 678). At that location, Lopez was ordered into a Suburban driven by two other men who then drove Lopez for about 30 minutes before letting him go. (RT 642-43, 646-49, 657, 679).

Within two hours of the hijacking, the police caught the four co-defendants with Lopez's truck backing it into an industrial yard. (RT 709-12, 717-18, 738). Recinos's white van was parked nearby. (RT 726). Petitioner was driving the stolen truck, and Garzon (who Lopez definitively identified at trial as one of the perpetrators (see RT 634-37, 653-54)) was directing him into the lot. (RT 712-22, 726-27). Petitioner had been with Rivera earlier that evening prior to the hijacking, and Rivera was holding one of the gates to the lot open for petitioner as petitioner was driving the stolen truck. (RT 718, 978-79). Recinos, who was friends with Rivera and petitioner, was holding the other gate open for petitioner. (RT 718, 980). Detective Ronald Anderson testified that of the four co-defendants, petitioner was the only one licensed to drive a commercial "big-rig truck" like the one hijacked. (RT 944-45).

In light of this evidence, which petitioner does not dispute, and for the reasons explained in the Report and Recommendation (see R&R at 18-24), petitioner has not shown a substantial likelihood of a different result at trial had counsel objected and the field identification evidence been excluded from petitioner's trial. Pinholster, 563 U.S. at 189.

With respect to the Magistrate Judge's finding that petitioner showed no prejudice from trial counsel's failure to interview and call witnesses Francisco Lepe, Jr., Victor Jiminez and Maria Lugo, petitioner argues that these witnesses assertedly would have provided "exonerating" testimony by: (1) identifying the

person who allegedly hired petitioner to drive Lopez's truck (see Hernandez Decl. at ¶ 3 (petitioner declaring that the person who had rented the warehouse (Lepe) could identify the person who hired petitioner)); and (2) testifying that petitioner was not "connected to" the warehouse. Petitioner argues that his self-serving, sworn statements, the warehouse lease, and police reports should have been sufficient to support this ineffectiveness claim. Petitioner also argues that the prejudice standard the Court applied amounted to a sufficiency of the evidence standard. See Objections at 3-9.

While the Magistrate Judge found petitioner's evidentiary showing inadequate, the Magistrate Judge nevertheless considered petitioner's allegations about what the witnesses would have said if called to testify, and found no substantial likelihood of a different verdict as would entitle petitioner to habeas relief under Strickland. See R&R at 12-17. Contrary to petitioner's objection, the Magistrate Judge did not apply a sufficiency of the evidence standard in denying this claim. See R&R at 16-17 (applying Strickland).

This Court agrees with the Magistrate Judge's findings and analysis and overrules petitioner's objections.

### III. Petitioner's Objection to the Magistrate Judge's Finding That Petitioner Is Not Entitled to Habeas Relief Based on the Admission of Evidence

Petitioner objects to the Magistrate Judge's finding, both under the deferential AEDPA standard of review and on *de novo* review, that petitioner is not entitled to habeas relief on his due process claim based on the trial court's admission of evidence of stolen Toys 'R Us merchandise found at the warehouse (R&R at 25-28), incorporating by reference the same arguments petitioner presented in his reply brief. See Objections at 24. For the reasons explained in the Report and Recommendation, which considered and rejected these arguments, this objection is overruled.

## IV. Petitioner's Objection to the Denial of an Evidentiary Hearing

Petitioner objects to the Magistrate Judge's finding that petitioner is not entitled to an evidentiary hearing on the merits of his claims (R&R at 30-31), arguing that AEDPA should not preclude a hearing because: (1) petitioner did not show a lack of diligence in requesting an evidentiary hearing, since the California Supreme Court summarily denied petitioner's claims without affording petitioner an opportunity to request an evidentiary hearing; and (2) the allegations in the Petition concerning counsel's alleged failure to investigate and call defense witnesses and to move to suppress or object to Lopez's field identification, if proved, allegedly would entitle petitioner to habeas relief. See Objections at 21-24.

The Magistrate Judge considered petitioner's allegations about what the witnesses would have said if called to testify, and found no substantial likelihood of a different verdict that would entitle petitioner to habeas relief. See R&R at 16-17. The Magistrate Judge also assumed, *arguendo*, that Lopez's field identification of petitioner would have been excluded had petitioner's counsel objected, and found no substantial likelihood of a different verdict that would entitle petitioner to habeas relief given the strong evidence tying petitioner to the crimes. See R&R at 22-23. Petitioner's pleadings, including the Objections, fail to show "what more an evidentiary hearing might reveal of material import." Gandarella v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2002), cert. denied, 537 U.S. 1117 (2003). This Court agrees with the Magistrate Judge's findings and analysis and overrules petitioner's instant objections.

## V. Further Orders

In light of the foregoing, IT IS FURTHER ORDERED that the Petition is denied on the merits, this action is dismissed with prejudice, and Judgment shall be entered accordingly.

///

8

The Clerk shall serve copies of this Order, the Report and Recommendation, and the Judgment herein on counsel for petitioner and respondent.

IT IS SO ORDERED.

DATED: May 4, 2018

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE